IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 08-cv-00620-MSK-KMT


DAVID BAXTER a/k/a Richie A. Hill,

      Plaintiff,

v.

LT. SAMPLES (U.S.P. Marion),
LT. HUGHES,
LT. LOCKRIDGE,
LT. MANLEY (ADX),
S/OFFICER HUMPPRIES (ADX),
JEFF JOHNSON (ADX), and
K. KING, S/Officer (ADX),

      Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Magistrate Judge Kathleen M. Tafoya**

      This matter is before the court on Plaintiff's "Motion for Injunction" (Doc. No. 40) filed

December 11, 2008. Defendants filed their response on January 9, 2009. Plaintiff did not file a

reply.

      Plaintiff seeks an order transferring him to another facility "away from federal B.O.P.

staff." (Mot. at 1.) Plaintiff asserts he his being retaliated against for filing this civil action.

(*Id.*) Plaintiff alleges he has, on several occasions, been denied three meals a day. (*Id.*) Plaintiff

also alleges he has been stripped and placed in a cell for months at a time without a mattress or

sheet. (*Id.*) Plaintiff states he has attempted suicide several times, yet mental health personnel

refuse to help him. (*Id.* at 2.) Finally, Plaintiff alleges he has been denied access to a counselor,

stamps, administrative complaint forms, and legal phone calls. (*Id.*)

> A party seeking preliminary injunction must meet the following four conditions:
>
> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). A party seeking injunctive relief must

found his effort on specific factual allegations. *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th

Cir. 1992). Ultimately, because "a preliminary injunction is an extraordinary remedy," the

moving party must establish that his "right to relief [is] clear and unequivocal." *Schrier v. Univ.*

*of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

As to all of these motions, the court finds the plaintiff has failed to meet the four

conditions required for a preliminary injunction. The challenges he brings in his motion for

preliminary injunction are outside the scope of his complaint. Plaintiff has failed to establish

that he will suffer irreparable injury without immediate relief. Plaintiff also has failed to

establish that there is a substantial likelihood he ultimately will prevail on the merits. The

motion fails on these bases alone. In addition, the court finds that Plaintiff has failed to set forth

specific factual allegations which would justify a preliminary injunction. *Longstreth*, 961 F.2d at

902. Moreover, Plaintiff has failed to show his "right to relief [is] clear and unequivocal."

*Schrier*, 427 F.3d at 1258.

Accordingly, for the foregoing reasons, this court respectfully

RECOMMENDS that Plaintiff's "Motion for Injunction" (Doc. No. 40) be DENIED.

### ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and

file written objections to the Magistrate Judge's proposed findings and recommendations with

the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that

does not put the District Court on notice of the basis for the objection will not preserve the

objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review."  *United States v. One Parcel of Real Property Known As*

*2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at

1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the District Court or for appellate

review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52

3

F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's

order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United*

*States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived

their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418

F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice

require review).

Dated this 11th day of March, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge