IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 08-cv-00620-CBS-KMT

DAVID BAXTER a/k/a RICHIE A. HILL,
        Plaintiff,
v.

LT. SAMPLES (U.S.P. MARION),
LT. HUGHES,
LT. LOCKRIDGE,
LT [MANLEY] (ADX),
S/OFFICER [HUMPHRIES] (ADX), and
JEFF JOHNSON (ADX),
        Defendants.

---

## MEMORANDUM OPINION AND ORDER

---

This civil action comes before the court on Defendants' "Motion to Dismiss Prisoner Complaint" (filed September 22, 2008) (doc. # 36). On April 16, 2009, the above-captioned case was referred to Magistrate Judge Craig B. Shaffer to handle all dispositive matters including trial and entry of a final judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and D.C. COLO. LCivR 72.2. (*See* doc. # 88). The court has reviewed the Motion, Mr. Baxter's "Motion Not to Dismiss Prisoner Complaint" ("Response") (filed December 19, 2008) (doc. # 45), Defendants' "Response to Plaintiff's Motion Not to Dismiss Prisoner Complaint [Doc. 45]" (filed January 8, 2009) (doc. # 54), Defendants' "Supplement to Motion to Dismiss . . ." (filed April 27, 2009) (doc. # 96), Defendants' Reply (filed April 27, 2009) (doc. # 97), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.      Statement of the Case

Mr. Baxter is currently incarcerated at the Administrative Maximum United States Penitentiary ("ADX") in Florence, Colorado. Mr. Baxter is serving a 360-month sentence

for carjacking and kidnapping and a 120-month consecutive sentence for voluntary manslaughter. (*See* doc. # 104). Mr. Baxter has been incarcerated in several federal facilities during his sentence, including the United States Penitentiary in Marion, Illinois ("USP Marion") and the Mental Health Unit of the U.S. Medical Center for Federal Prisoners ("USMCFP") in Springfield, Missouri. (*See id.*). "Mr. Baxter has been diagnosed with Psychotic Disorder NOS." (*See* doc. # 62-4 at p. 2 of 8). "Mr. Baxter has a history of numerous threats of self harm and parasuicidal and self harm gestures . . ." and has been treated with anti-psychotic medication. (*See id.*).

Proceeding in his *pro se* capacity, Mr. Baxter brings his Second Amended Complaint ("SAC") pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* SAC (doc. # 15) at p. 4 of 9). "[A] *Bivens* claim can be brought only against federal officers in their individual capacities." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009). Mr. Baxter does not identify the purported constitutional basis for his Bivens claims. Defendants presume he is alleging violation of his Eighth Amendment rights. "[A] *Bivens* remedy *may* be available against federal prison officials for violations of the Eighth Amendment." *Smith*, 561 F.3d at 1099 (citation omitted) (emphasis in original).

The SAC alleges claims against two groups of Defendants: Hughes, Samples, and Lockridge, Federal Bureau of Prisons ("BOP") personnel from USP Marion, and Humphries, Manley, and Johnson, BOP personnel from ADX.[1] Mr. Baxter alleges that Defendant Samples, a lieutenant at USP Marion, "broke my  neck" and hid x-rays of the injury while Mr. Baxter was incarcerated at USP Marion in 2004. (*See* SAC (doc. # 15) at pp. 3-4 of 9). Mr. Baxter alleges that Defendant Hughes, also a lieutenant at USP Marion, "gave the order to break my bones" while he was incarcerated at USP Marion in 2004. (*See id.*). Mr.

---

[1]    Defendant King was dismissed from this lawsuit on April 16, 2009. (*See* "Opinion and Order Dismissing Defendant King . . ." (doc. # 88)).

Baxter alleges that Defendant Lockridge, another lieutenant at USP Marion, "gave the order to break my bones" in 2004, resulting in a broken left index finger.  (*See* SAC (doc. # 15) at pp. 3-4 of 9).  Mr. Baxter alleges that all of these events occurred in Illinois.  (*See id.*).  Mr. Baxter alleges that Defendant Humphries "stuck a black stick up my rectum 2 times in (2003)."  (*See* SAC (doc. # 15) at pp. 3-4 of 9).  Mr. Baxter alleges that Defendants Manley and Johnson broke or bruised his ribs in 2007.[2]  (*See id.*).  Mr. Baxter seeks money damages from Defendants in the amount of fifteen million dollars, "60 years in prison" for all Defendants, and injunctive relief allowing him to transfer to the state prison system, and refers to his "next lawsuit."  (*See* SAC (doc. # 15) at p. 9 of 9).

All Defendants have moved to dismiss the SAC pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(6).  Defendants argue that the court lacks personal jurisdiction over Defendants Samples, Hughes and Lockridge, the statute of limitations has run on the claims Mr. Baxter asserts against Defendants Samples, Hughes, Lockridge and Humphries, Mr. Baxter failed to exhaust his administrative remedies on all claims against all Defendants, and the court lacks subject matter jurisdiction over the request for injunctive relief brought against the Defendants in their individual capacities.

## II.    Standard of Review

Under Rule 12(b)(1), a motion to dismiss may be granted if the court does not have subject matter jurisdiction over the matter.  In addressing a jurisdictional challenge, the court need not presume all of the allegations contained in the complaint to be true, "but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. . . ."  *United States v. Rodriguez Aguirre*, 264 F.3d 1195, 1204 (10th Cir. 2001) (citation omitted).

---

[2]     Mr. Baxter also alleges that unnamed BOP officers "master mined [sic]" a murder plot against him in 2000.  (*See* SAC (doc. # 15) at p. 5 of 9).  Mr. Baxter has not identified these officers or named them in the SAC.

When a court's power to exercise personal jurisdiction over a nonresident defendant is challenged by a motion under Fed. R. Civ. P. 12(b)(2), and the question of jurisdiction is resolved based only on the pleadings, the allegations in the complaint, the motion papers, and any supporting legal memoranda, without an evidentiary hearing, the burden is on the plaintiff to make a prima facie showing of a sufficient basis for jurisdiction. *Mylan Labs., Inc. v. Akzon, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). Under this standard, it is the plaintiff's burden to demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution. *United Elec. Radio and Mach. Workers of America (UE) v. 163 Pleasant Street Corporation*, 987 F.2d 39, 43-44 (1st Cir. 1993) (internal quotation marks and citation omitted).

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S.Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Because Mr. Baxter appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a

plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

III.    Analysis

A.    Personal Jurisdiction

Mr. Baxter alleges claims against Defendants Hughes, Samples, and Lockridge, all employees of USP Marion in Illinois. These Defendants argue that they are not subject to personal jurisdiction in the District of Colorado.

"Jurisdiction to resolve cases on the merits requires . . . authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) (internal quotation marks and citation omitted). "In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks and citation omitted). Because *Bivens*, 403 U.S. at 388, does not confer nationwide service of process or jurisdiction upon federal district courts to adjudicate claims, Fed. R. Civ. P. 4(k)(1)(A) refers to the Colorado long-arm statute. "Colorado's long arm statute is coextensive with constitutional limitations imposed by the due process clause. Therefore, if jurisdiction is consistent with the due process clause, Colorado's long arm statute authorizes jurisdiction over a nonresident defendant." *Benton v. Cameco Corp.*, 375 F. 3d 1070, 1075 (10th Cir. 2004) (citation omitted). *See also United States v.*

*Botefuhr*, 309 F.3d 1263, 1271 (10th Cir. 2002) (question of whether court can exercise personal jurisdiction "collapses into a single due process analysis under the Constitution." (internal quotation marks and citation omitted).

The Tenth Circuit has "carefully and succinctly la[id] out the well-established constitutional analysis for personal jurisdiction." *Benton*, 375 F. 3d at 1075.

> . . . The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts ties, or relations. Therefore, a court may exercise personal jurisdiction over a nonresident defendant only so long as there exist minimum contacts between the defendant and the forum state. . . .
>
> The minimum contacts standard may be met in two ways. First, a court may, consistent with due process, assert specific jurisdiction over a nonresident defendant if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities. Where a court's exercise of jurisdiction does not directly arise from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's general business contacts with the forum state.

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090-91 (10th Cir.1998) (internal quotation marks and citations omitted). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities *within the forum State*, thus invoking the benefits and protections of its laws." *Trujillo*, 465 F.3d at 1219 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal quotation marks and citation omitted) (emphasis in original).

Defendants Hughes, Samples, and Lockridge argue that they do not have minimum contacts with the District of Colorado. "In determining whether a defendant has established minimum contacts with the forum state, we examine whether the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Benton*, 375 F. 3d at 1075 (internal quotation marks and citation omitted). "A defendant's contacts are sufficient if the defendant purposefully directed its activities at residents of the forum, and . . . the plaintiff's claim arises out of or results from actions by the defendant himself that

create a substantial connection with the forum state." *Benton*, 375 F. 3d at 1075 (internal quotation marks and citation omitted).  The court "must consider whether the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567 (1986).

"The burden of establishing personal jurisdiction over the defendant is on the plaintiff." *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004) (citation omitted).  "Where, as in the present case, there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).  "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings,* 149 F.3d at 1091.

Mr. Baxter does not allege in the SAC that any of the purported conduct on which he bases his claims against Defendants Hughes, Samples, and Lockridge occurred in Colorado.  All of the events constituting their alleged unconstitutional conduct occurred at USP Marion in Illinois.  (See doc. # 15).  Mr. Baxter neither alleges nor argues any basis that these Defendants have minimum contacts with the District of Colorado.

As Mr. Baxter's allegations and arguments do not suffice to make a prima facie showing of the requisite minimum contacts, the court need not "consider whether the exercise of personal jurisdiction over a defendant with minimum contacts is reasonable in light of the circumstances surrounding the case." *OMI Holdings,* 149 F.3d at 1091 (internal quotation marks and citation omitted).  Given the lack of minimum contacts with Colorado, this court lacks personal jurisdiction over Defendants Hughes, Samples, and Lockridge. As the court cannot proceed to the merits of a claim in the absence of personal jurisdiction,

Mr. Baxter's claims against Defendants Hughes, Samples, and Lockridge are properly dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

B.     Statute of Limitations

Defendants argue that Mr. Baxter's claims against Defendants Hughes, Samples, Lockridge, and Humphries are barred by the statute of limitations. "A *Bivens* action is subject to the limitation period for an action under Title 42 U.S.C. § 1983, and that limitation period is set by the personal injury statute in the state where the cause of action accrues." *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007) (citations omitted). In Colorado, the limitation on personal injury claims is two years. *See* Colo. Rev. Stat. §§ 13-80-102(1)(a), (g) (establishing a two-year limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir.1993) (applying § 13-80-102 to § 1983 claim). In Illinois, where Mr. Baxter alleges Defendants Hughes, Samples, and Lockridge broke his bones or ordered that they be broken, the statute of limitations is likewise two years. (*See* 735 ILCS 5/13-202) (actions for damages for an injury to the person shall be commenced with 2 years).

"Although state law establishes the statute of limitations, federal law determines when plaintiffs' federal *Bivens* claims accrued." *Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004) (citing *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994)). "Under federal law, the statute of limitations on a *Bivens* claim begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Van Tu*, 364 F.3d at 1199 (internal quotation marks and citation omitted). *See also Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006) ("[F]or *Bivens* actions (the federal analogue to § 1983 claims), we have held that

a claimant's cause of action accrues when the claimant knew or had reason to know 'of the existence and cause of injury which is the basis for his action.'") (citation omitted). "[I]t is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue." *Baker v. Board of Regents of State of Kansas*, 991 F.2d 628, 632 (10th Cir. 1993).

"At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n. 13 (11th Cir. 2005) (internal quotation marks and citations omitted). *See also United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (complaint may be dismissed where the "allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations") (citation omitted).

Mr. Baxter first alleged conduct by Defendants Hughes, Samples, Lockridge in his original Prisoner Complaint and his Supplement/Amendment. (*See* doc. # 2 at pp. 2-4 of 8; doc. # 5 at pp. 1-2 of 6). The court then directed Mr. Baxter to file an Amended Prisoner Complaint ("AC"). (*See* "Order Directing Plaintiff to File Amended Complaint" (doc. # 7)). Mr. Baxter alleged conduct by Defendants Hughes, Samples, Lockridge, and Humphries in the Amended Prisoner Complaint filed on May 13, 2008. (*See* doc. # 8). The court ordered Mr. Baxter to file his SAC, which is the subject of this Motion to Dismiss. (*See* "Order Directing Plaintiff to File Second Amended Complaint" (doc. # 12)).

Mr. Baxter's claims against Defendants Hughes, Samples, Lockridge, and Humphries arise from conduct alleged to have occurred in 2003 and 2004. (*See* SAC at pp. 4-5 of 9). Mr. Baxter's allegations reveal that at the time of his injuries in 2003 and 2004, he knew or had reason to know of the existence and cause of his injuries that are the basis of his claims against Defendants Hughes, Samples, Lockridge, and Humphries.

(*See, e.g.,* doc. # 2 at pp. 3-4 of 8; doc. # 5 at p. 2 of 6; doc. # 8 at pp. 3-4 of 8; doc. # 15 at pp. 4-5 of 9; *see also* doc. # 10 at pp. 1, 3 of 3; doc. # 29 at pp. 1-3 of 3 (stating "this date 5-6-05 is when my neck got broke by Lt. Samples . . .").   Mr. Baxter's allegations themselves plainly set forth that Mr. Baxter filed this *Bivens* action more than two years after he knew or had reason to know of the existence and cause of the injuries which are the basis of his claims against Defendants Hughes, Samples, Lockridge, and Humphries, beyond the two-year statute of limitations periods for *Bivens* claims arising in either Colorado or Illinois.

As an affirmative defense, the statute of limitations may be subject to certain defenses such as waiver, estoppel, or equitable tolling.  *See Rotella v. Wood*, 528 U.S. 549, 560 (2000) (federal statutes of limitations "are generally subject to equitable principles of tolling").  However equitable tolling is employed as an "exception, not the rule." *Rotella*, 528 U.S. at 561.  Mr. Baxter's claims appear to be barred by the statute of limitations, unless he shows a basis for tolling the limitations period.  *See Goldsmith v. Learjet, Inc.*, 90 F.3d 1490, 1496 (10th Cir. 1996) ("Under Colorado law, once the defendant raises the statute of limitations as an affirmative defense, . . . the burden shifts to the plaintiff to show that the statute has been tolled.") (citation omitted).

The issue of equitable tolling, like the statute of limitations, is governed by Colorado law. *Garrett v. Fleming*, 362 F.3d 692, 697 (10th Cir. 2004) (citing *Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996) (applying state tolling rules in *Bivens* case)).   Under Colorado law, the doctrine of equitable tolling "permits the statute of limitations to be tolled only where the defendant's wrongful conduct prevented the plaintiff from asserting the claims in a timely manner or truly exceptional circumstances prevented the plaintiff from filing the claim despite diligent efforts." *Morrison v. Goff*, 74 P.3d 409, 412-13 (Colo. App. 2003) (citation omitted).  *See also Sandoval v. Archdiocese of Denver*, 8 P.3d 598, 604-05 (Colo. App. 2000) ("[i]n order for a statute of limitations to be tolled because of equitable

considerations, it is the plaintiff's burden to establish that the defendant's actions prevented her from filing a timely claim.") (citation omitted); *Overheiser v. Safeway Stores, Inc.*, 814 P.2d 12, 13 (Colo. App. 1991) ("Once the statute of limitations is raised as an affirmative defense, the burden shifts to the plaintiff to show that the statute has been tolled.").

Mr. Baxter appears to argue that he could not file this civil action sooner because in Missouri in 2003 "the B.O.P CO/Officer was not letting my mail go out of the prison" and that he "then filed in (2005) yet I got no reply back from the courts so I filed ag[a]in and ag[a]in." (*See* doc. # 45). Mr. Baxter alleged in his original Prisoner Complaint that "I have been fileing [sic] to the courts but no reply back in (2004) and (2005). I do not think my legal mail was not [sic] going out during that time." (*See* doc. # 2 at p. 3 of 8). Where a plaintiff alleges that a defendant has wrongfully prevented the plaintiff from bringing a claim, the plaintiff must assert facts sufficient to establish that the defendant's actions prevented the filing of a timely claim. *See Samples-Ehrlich v. Simon*, 876 P.2d 108, 110 ("If there is no evidence to demonstrate that defendant engaged in any conduct which adversely affected the filing of the plaintiff's claim, a court may not apply the doctrine of equitable tolling.") (citation omitted).

The record does not indicate that Defendants have engaged in any conduct to adversely affect the filing of Mr. Baxter's claims. Mr. Baxter in fact filed numerous administrative grievances between 2001 and 2008. (*See* doc. # 36-2; doc. # 62-2).[3] Mr. Baxter's allegations are vague, speculative, and conclusory as to his inability to file this action sooner. Mr. Baxter has presented no information about his outgoing mail. Mr.

---

[3]    Mr. Baxter has not argued that the statute of limitations should be tolled because he was under a mental disability. *See Neiberger v. Hawkins*, 208 F.R.D. 301, 311 (D. Colo. 2002) ("Colo. Rev. Stat. § 13-81-103 provides for the tolling of any limitations period for the commencement of an action by any person suffering from a disability and provides that unrepresented persons with a disability may bring an action up to two years after the disability terminates."). The numerous administrative grievances Mr. Baxter filed between 2001 and 2008 also refute any allegation that the statute of limitations should be tolled due to a mental disability.

Baxter does not specifically implicate any Defendants for his inability to file in the courts. Mr. Baxter's conclusory allegations do not adequately support his argument that the statute of limitations was tolled.  The allegations here plainly support dismissal of Mr. Baxter's claims against Defendants Hughes, Samples, Lockridge, and Humphries as barred by the statute of limitations.

C.      Exhaustion of Administrative Remedies as to All Claims

Prior to filing this civil action, Mr. Baxter was required to exhaust administrative remedies pursuant to the PLRA.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Section 1997e(a) provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549 U.S. 199, 211 (2007).  The PLRA requires "proper exhaustion" of administrative remedies, which means the plaintiff must utilize all administrative remedies provided and must comply with the deadlines and other procedural rules prior to filing a federal lawsuit relating to the conditions of his confinement. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).  *See also Jones v. Bock*, 549 U.S. at 218 ("to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, – rules that are defined not by the PLRA, but by the prison grievance process itself") (internal quotation marks and citation omitted).  "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' "  *Jones*, 549 U.S. at 218.  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Jones*, 549 U.S. at 218.

Prior to *Jones v. Bock*, 549 U.S. at 199, the Tenth Circuit interpreted the PLRA as imposing "a pleading requirement." *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003), *cert. denied*, 543 U.S. 925, 125 S.Ct. 344 (2004), *abrogated,* 549 U.S. at 199. "The Supreme Court recently rejected our rule in *Steele*, however, and set forth a new standard to govern PLRA lawsuits: 'failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints.' " *Roberts v. Barreras*, 484 F.3d at 1240 (quoting *Jones v. Bock*, 549 U.S. at 216 and citing *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223 (10th Cir. 2007)). Now "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d at 1241.

Dismissal under § 1997e(a) for failure to exhaust administrative remedies therefore cannot usually be made on pleadings without proof. *See Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007) ("'only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse'") (quoting *Aquilar-Avellaveda v. Terrell*, 478 F.3d at 1225)). Defendants bear the burden of proof and must provide conclusive evidence establishing the affirmative defense of failure to exhaust. *See e.g., Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) ("if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor"); *Buck v. F.D.I.C.*, 75 F.3d 1285, 1288 n. 3 (8th Cir. 1996) ("The standards for dismissing a complaint under Rule 12(b)(6) and the standards for granting summary judgment are substantially different").

Defendants have raised the issue of exhaustion by their Motion to Dismiss. In support of their argument for dismissal, Defendants refer to the BOP grievance process, as set forth at 28 C.F.R. §§ 542.10 through 542.19. The court may take judicial notice of

the BOP's administrative process.  *See Ray v. Aztec Well Service Co.*, 748 F.2d 888, 889 (10th Cir. 1984) (court can take judicial notice of agency rules and regulations);  *Antonelli v. Ralston*, 609 F.2d 340, 341, n. 1 (8th Cir.1979) (judicial notice taken of Bureau of Prisons' Program Statement).  Defendants have also submitted exhibits to demonstrate that Mr. Baxter did not exhaust his administrative remedies prior to filing his claims in this lawsuit. (*See, e.g.*, doc. # 36-2).  Defendants' arguments present issues of fact that the court may not determine on their Motion to Dismiss. (*See, e.g.*, doc. # 54).  Mr. Baxter has also argued factual issues, such as "[t]here are missing administrative remedies from 2003-2007 that I filed [a]bout my broke bones.  In 2005 I gave Mrs. Lt. Hughes in SHU unit at USP Marion a BP. 9 administrative remedie [sic] [a]bout my broke neck etc. etc. She never turnt [sic] them in." (*See* doc. # 45).  The court has not notified the parties that it would consider Defendants' Motion as a motion for summary judgment under Fed. R. Civ. P. 56. At this stage of the litigation, Defendants have not met their burden of demonstrating that Mr. Baxter has not exhausted his administrative remedies.

D.      Request for Injunctive Relief

        A *Bivens* action is, by definition, a damages action against a federal officer in his or her individual capacity.  *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005) (*Bivens* claim lies only against a federal official in his individual capacity and cannot be brought against an individual in his or her official capacity); *Tapia-Tapia v. Potter*, 322 F.3d 742, 745-46 (1st Cir. 2003) (sovereign immunity bars claims against federal defendants in their official capacities); *Deutsch v. U.S. Dept. of Justice*, 881 F. Supp. 49, 52 (D.D.C. 1995) (*Bivens* suits are suits against government officials in their individual, rather than their official, capacities).  The injunctive relief sought by Mr. Baxter is not within the authority of the Defendants in their individual capacities.  To the extent that Mr. Baxter seeks injunctive relief from the individual Defendants in the form of a transfer to the state

prison system (*see* doc. # 15 at p. 9 of 9), such injunctive relief is only available in an official capacity suit.  Further, Mr. Baxter cannot obtain injunctive relief in a *Bivens* action already seeking damages for past constitutional violations.  *See Barney v. Pulsipher*, 143 F.3d 1299, 1306 (10th Cir. 1998) (while a plaintiff who has been constitutionally injured can bring an action to recover damages, that same "plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future") (quoting *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991)).  To the extent that Mr. Baxter seeks injunctive relief in the form of "60 years in prison" for all Defendants (*see* doc. # 15 at p. 9 of 9), federal or state criminal statutes do not provide for a private cause of action.  *See generally Diamond v. Charles*, 476 U.S. 54, 64-65, 106 S.Ct. 1697 (1986) (noting that private citizens cannot compel enforcement of criminal law).  Mr. Baxter, as a private citizen, does not allege any authority by which he may enforce violations of federal or state criminal law.  *See, e.g., Blessing v. Freestone*, 520 U.S. 329, 340 (1997) ("In order to seek redress through § 1983, . . . a plaintiff must assert the violation of a federal right, not merely a violation of federal law").  For these reasons, Mr. Baxter's request for injunctive relief is properly dismissed.

Accordingly, IT IS ORDERED that:

1.      Defendants' "Motion to Dismiss Prisoner Complaint" (filed September 22, 2008) (doc. # 36) is GRANTED IN PART.

2.      Defendants Hughes, Samples, and Lockridge are dismissed from this civil action for lack of personal jurisdiction.

3.      Defendants Hughes, Samples, Lockridge, and Humphries are dismissed from this civil action because the claims against them are barred by the statute of limitations.

4.      Mr. Baxter's request for injunctive relief is dismissed.

5.      This action shall proceed as to Mr. Baxter's claims that Defendants Manley

and Johnson broke or bruised his ribs in 2007.

DATED at Denver, Colorado, this 22nd day of July, 2009.

BY THE COURT:


___s/Craig B. Shaffer_____
United States Magistrate Judge