IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 08-cv-00620-CBS-KMT

DAVID BAXTER (RICHIE A. HILL),
    Plaintiff,
v.

LT. SAMPLES (U.S.P. MARION),
LT. HUGHES,
LT. LOCKRIDGE,
LT MANLY (ADX),
S/OFFICER HUMPPRIES (ADX), and
JEFF JOHNSON (ADX),[1]
    Defendants.

---

ORDER

---

This civil action comes before the court on: (1) "Defendant Johnson's Motion for Summary Judgment" (filed September 29, 2009) (doc. # 118); (2) "Defendant Manley's Motion for Summary Judgment" (filed September 29, 2009) (doc. # 119); and (3) Plaintiff Mr. Baxter's "Motion to Grant Order" to "get a full exam and x-rays . . . from a outside free world hospital [sic]" (filed September 29, 2009) (doc. # 120). On April 16, 2009, the above-captioned case was referred to Magistrate Judge Craig B. Shaffer to handle all dispositive matters including trial and entry of a final judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and D.C. COLO. LCivR 72.2.  (*See* doc. # 88).  The court having reviewed the Motion, the entire case file and the applicable law and being sufficiently advised in the premises, IT IS ORDERED that:

    1.    Mr. Baxter's responses to Defendants' Motions for Summary Judgment **shall be filed on or before October 29, 2009**. At this stage of the litigation, Mr. Baxter shall limit his response to Defendants' argument that he failed to properly exhaust his

---

[1] While Mr. Baxter has spelled Defendants' Manley's and Humphries' names in his complaint as "Manly" and "Humppries," the correct spellings are Manley and Humphries.

administrative remedies for his claim against Defendants Johnson and Manley. Should the court later reach the additional arguments presented in Defendants' Motions for Summary Judgment, the court will allow Mr. Baxter to file an additional response at that time.

  2. In light of the court's limitation of the arguments in the Motions for Summary Judgment to the issue of proper exhaustion of administrative remedies, Mr. Baxter's request for a medical examination is unnecessary at this time; therefore, Mr. Baxter's "Motion to Grant Order" (filed September 29, 2009) (doc. # 120) is DENIED.

  DATED at Denver, Colorado, this 30th day of September, 2009.

BY THE COURT:

  s/Craig B. Shaffer
  United States Magistrate Judge