IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 08-cv-00620-CBS-KMT

DAVID BAXTER a/k/a RICHIE A. HILL,
    Plaintiff,
v.

LT [MANLEY] (ADX), and
JEFF JOHNSON (ADX),
    Defendants.

---

MEMORANDUM OPINION AND ORDER

---

    This civil action comes before the court on: (1) Defendant Johnson's Motion for Summary Judgment; and (2) Defendant Manley's Motion for Summary Judgment, both filed on September 29, 2009 (docs. # 118 and # 119). On April 16, 2009, the above-captioned case was referred to Magistrate Judge Craig B. Shaffer to handle all dispositive matters including trial and entry of a final judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and D.C. COLO. LCivR 72.2. (*See* doc. # 88). The court has reviewed the Motions, Mr. Baxter's combined "Responses" (filed October 8, 2009) (doc. # 123), Defendants' combined Reply (filed October 19, 2009) (doc. # 125), the pleadings, the entire case file, the evidence in the record, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    Mr. Baxter is currently incarcerated at the Administrative Maximum United States Penitentiary ("ADX") in Florence, Colorado. Mr. Baxter is serving a 360-month sentence for carjacking and kidnapping and a 120-month consecutive sentence for voluntary manslaughter. (*See* doc. # 104). Mr. Baxter has been incarcerated in several federal facilities during his sentence, including the United States Penitentiary in Marion, Illinois

("USP Marion") and the Mental Health Unit of the U.S. Medical Center for Federal Prisoners ("USMCFP") in Springfield, Missouri. (*See id.*).

Proceeding in his *pro se* capacity, Mr. Baxter brings his Second Amended Complaint ("SAC") pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* SAC (doc. # 15) at p. 4 of 9). *Bivens* creates a cause of action against federal officers in their individual capacities for the deprivation of any rights, privileges or immunities secured by the Constitution or laws of the United States. 403 U.S. at 388. A *Bivens* remedy does not provide any substantive rights; it merely creates a remedy for violations of constitutional rights by federal officials. The remedy is always against individual federal officials because the sovereign still remains immune to suit. *Bivens*, 403 U.S. at 410 (Harlan, J., concurring). *See also Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("[A] *Bivens* claim can be brought only against federal officers in their individual capacities.").

Mr. Baxter does not identify the purported constitutional basis for his *Bivens* claims. Defendants presume he is alleging that Defendants used excessive force in violation of his Eighth Amendment rights. (*See* Motion to Dismiss (doc. # 36) at p. 3 of 13; Motions for Summary Judgment (docs. # 118 and # 119); SAC (doc. # 15) at pp. 4-5 of 9). "[A] *Bivens* remedy *may* be available against federal prison officials for violations of the Eighth Amendment." *Smith*, 561 F.3d at 1099 (citation omitted) (emphasis in original).

The SAC alleges claims against two groups of Defendants: Hughes, Samples, and Lockridge, Federal Bureau of Prisons ("BOP") personnel from USP Marion, and Humphries, Manley, and Johnson, BOP personnel from ADX. Defendants the BOP, USP Marion, and Springfield Hospital were dismissed as parties to this action on July 16, 2008. (*See* "Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge" (doc. # 16)). The court dismissed the claims against Defendant King without prejudice on April 16, 2009. (*See* "Opinion and Order Dismissing Defendant King and Referring Action to

Magistrate Judge Pursuant to 28 U.S.C. § 636(c)" (doc. # 88)). Defendants Hughes, Samples, Lockridge, and Humphries were dismissed from this civil action on July 22, 2009. (*See* "Memorandum Opinion and Order" (doc. # 107)). On July 22, 2009, the court also dismissed Mr. Baxter's request for injunctive relief and ruled that this action would proceed only "as to Mr. Baxter's claims that Defendants Manley and Johnson broke or bruised his ribs in 2007." (*See* doc. # 107 at pp. 15-16 of 16; SAC (doc. # 15) at pp. 3-4, 9 of 9)). Mr. Baxter seeks money damages from Defendants in the amount of fifteen million dollars, and "60 years in prison." (*See* SAC (doc. # 15) at p. 9 of 9).

On January 11, 2007, correctional officers were assigned to escort Mr. Baxter from his cell in the SHU at ADX for a scheduled Discipline Hearing Office ("DHO") hearing. (*See* Deposition of David Baxter, Exh. B-1 (doc. # 118-21) at pp. 17-18 of 24; Declaration of Defendant Manley, Exh. D-1 (doc. # 118-23) at ¶ 7). When the discipline hearing officer told the correctional officers to remove Mr. Baxter from the room, Mr. Baxter stood up and "rushed" Defendant Johnson, pushing him "against the wall; . . . and ran my head into him." (*See* Exh. B-1 (doc. # 118-21) at pp. 17-19 of 24; Declaration of Defendant Johnson, Exh. C-1 (doc. # 118-22) at ¶¶ 9-10). Defendant Johnson responded with an immediate use of force, bringing Mr. Baxter under control. (*See* Exh. C-1 (doc. # 118-22) at ¶¶ 10-11). Defendant Johnson ordered Mr. Baxter placed in leg restraints. *Id.* The immediate use of force was completed in a matter of seconds. *Id.* Defendant Johnson and other correctional officers escorted Mr. Baxter back to his cell without further incident or use of force. (*See* Exh. C-1 (doc. # 118-22) at ¶ 13; Exh. D-1 (doc. # 118-23) at ¶ 9). Mr. Baxter refused to be medically evaluated and "denie[d] any injuries." (*See* Exh. D-1 (doc. # 118-23) at ¶ 10; January 11, 2007 Inmate Injury Assessment and Followup (Medical), Exh. A-14 (doc. # 118-15)).

Defendants Johnson and Manley have moved for summary judgment on the SAC pursuant to Fed. R. Civ. P. 56. Defendants argue that: (1) Mr. Baxter failed to properly

exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), (2) they committed no violation of Mr. Baxter's constitutional rights, and (3) they are entitled to qualified immunity. On September 30, 2009, the court notified the parties that it would first examine the issue of exhaustion of administrative remedies. (See doc. # 121 at pp. 1-2 of 2 ("At this stage of the litigation, Mr. Baxter shall limit his response to Defendants' argument that he failed to properly exhaust his administrative remedies for his claim against Defendants Johnson and Manley. Should the court later reach the additional arguments presented in Defendants' Motions for Summary Judgment, the court will allow Mr. Baxter to file an additional response at that time.").

II.   Standard of Review

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F. Supp. 2d 1106, 1112 (D. Colo. 2002) (Rule 56 motion may be granted if the court concludes "that no trial is necessary because there is no issue of material fact for a jury to determine"). "[T]he burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The court examines the factual record and draws all reasonable inferences in the light most favorable to the nonmoving party. *Somoza v. University of Denver*, 513 F.3d 1206, 1210 (10th Cir. 2008).

III.   Analysis: Exhaustion of Administrative Remedies

Defendants assert that they are entitled to summary judgment on the SAC based

4

on Mr. Baxter's failure to exhaust administrative remedies. Mr. Baxter's claims are governed by the PLRA, which provides that: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prior to filing this civil action, Mr. Baxter was required to exhaust administrative remedies pursuant to the PLRA. *Booth v. Churner*, 532 U.S. 731, 741 (2001). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA's requirement that an inmate exhaust all available administrative remedies before initiating suit is "mandatory," whether or not such remedies "meet federal standards." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). An inmate has not exhausted unless he properly completes the entire process. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (rejecting an inmate's argument that inmates do not have to properly complete the grievance process and observing that "the doctrine of substantial compliance does not apply"); *Yousef v. Reno*, 254 F.3d 1214, 1222 (10th Cir. 2001) (the PLRA requires a prisoner to "exhaust all of his administrative remedies before seeking judicial consideration of his claims"). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 95.

The BOP has a four-tiered Administrative Remedy Program for inmate grievances.

*See* 28 C.F.R. §§ 542.10 to 542.19.[1] (*See also* Declaration of Theresa Montoya, Exh. A-1 (doc. # 118-2) at ¶¶ 5-10). Under the BOP's regulations, an inmate must first attempt informal resolution. 28 C.F.R. § 542.13. If dissatisfied, the inmate may then address his complaint to the Warden at his institution by filing a complaint on form BP-9. 28 C.F.R. § 542.14(a). The inmate must complete the informal resolution phase of the administrative remedy process and submit a request to the Warden on the BP-9 form within "20 calendar days following the date on which the basis for the Request occurred." *Id.* If dissatisfied with the Warden's response, the inmate may appeal his complaint by filing an appeal on form BP-10 to the Regional Director. See 28 C.F.R. § 542.15(a). If dissatisfied with the Regional Director's response, the inmate may appeal by filing a form BP-11 with the Central Office of the General Counsel in Washington, D.C. *See id.*

Neither Defendant Johnson nor Defendant Manley was notified of any complaints against them from Mr. Baxter regarding the immediate use of force on January 11, 2007 until more than six months later, in July 2007. (*See* Exh. C-1 (doc. # 118-22) at ¶ 14; Exh. D-1 (doc. # 118-23) at ¶ 11). On July 19, 2007, Mr. Baxter submitted a Request for Administrative Remedy form BP-9 to the ADX Warden alleging that "[a]bout 6 months ago the B.O.P. CO/Officers Lt. Manly [sic] & Jeff Johson [sic] etc. etc. did in fact fractured [sic] my right rib . . ." (*See* Request for Administrative Remedy dated July 17, 2007, Exh. A-17 (doc. # 118-18); Administrative Remedy Generalized Retrieval Index dated September 16, 2009, Exh. A-18 (doc. # 118-19) at p. 14 of 20 (July 19, 2007 grievance); Exh. A-19 (doc. # 118-20) at p. 2 of 3; Exh. A-1 (doc. # 118-2) at ¶¶ 12, 14, 18, 22). Mr. Baxter's July 19, 2007 grievance was assigned Remedy ID Number 460760-F1. (*See* Exh. A-18 (doc. # 118-19) at p. 14 of 20; Exh. A-1 (doc. # 118-2) at ¶ 19). On July 26, 2009, Mr. Baxter's

---

[1] The court may take judicial notice of the BOP's administrative process. *See Ray v. Aztec Well Service Co.*, 748 F.2d 888, 889 (10th Cir. 1984) (court can take judicial notice of agency rules and regulations); *Antonelli v. Ralston*, 609 F.2d 340, 341, n. 1 (8th Cir.1979) (judicial notice taken of Bureau of Prisons' Program Statement).

grievance was rejected because it was not submitted within 20 days of the date on which the event at issue in the request occurred, because Mr. Baxter did not submit the request through his counselor or other authorized person; and because Mr. Baxter did not attempt informal resolution of his complaint before submitting the request. (*See* Rejection Notice - Administrative Remedy dated July 26, 2007, Exh. A-19 (doc. # 118-20) at p. 2 of 3).

The PLRA requires "proper exhaustion" of administrative remedies, which means the plaintiff must utilize all administrative remedies provided and must comply with the deadlines and other procedural rules prior to filing a federal lawsuit relating to the conditions of his confinement. *Woodford*, 548 U.S. at 90-91. *See also Jones*, 549 U.S. at 218 ("to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, – rules that are defined not by the PLRA, but by the prison grievance process itself") (internal quotation marks and citation omitted). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.

Mr. Baxter has failed to comply with the administrative remedy process in at least three respects. First, Mr. Baxter made no attempt whatsoever to informally resolve his claim, skipping the first phase of the process entirely. *See* 28 C.F.R. § 542.13(a). Second, Mr. Baxter's attempt at exhaustion, initiated more than six months after the alleged excessive use of force, was untimely. Mr. Baxter failed to comply with the 20-day deadline for completing the informal resolution phase and for submitting a request to the Warden concerning the events that form the basis of his claim. In this case, both the informal-resolution and request-to-Warden stages of the process were required to have been completed no later than January 31, 2007, 20 days after January 11, 2007. *See* 28 C.F.R. § 542.14(a). Mr. Baxter's form BP-9, submitted on July 19, 2007, addressed the January 11, 2007 incident that occurred "[a]bout 6 months ago" when "the B.O.P. CO/Officers Lt. Manly [sic] & Jeff Johson [sic] etc. etc. did in fact fractured [sic] my right rib

. . ." (*See* Exh. A-17 (doc. # 118-18); Exh. A-18 (doc. # 118-19) at p. 14 of 20; Exh. A-1 (doc. # 118-2) at ¶ 18). Third, Mr. Baxter failed to submit the form BP-9 through his counselor or other authorized person. (*See* Exh. A-1 (doc. # 118-2) at ¶ 22). Further, Mr. Baxter made no attempt to pursue exhaustion of his claim against Defendants Johnson and Manley to the regional or national levels of the administrative remedy process. (*See* Exh. A-1 at ¶ 20).

After *Jones v. Bock*, 549 U.S. 199, 211 (2007), a failure to exhaust administrative remedies constitutes an affirmative defense which must be pled and proved by Defendants. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). (*See* Answer of Defendants Manley and Johnson (doc. # 115), Defenses ¶ 3 ("Plaintiff's claims are barred in whole or in part by his failure to comply with all the requirements of the Prison Litigation Reform Act of 1995.")). Defendants have moved for summary judgment and submitted evidence demonstrating Mr. Baxter's failure to exhaust administrative remedies. As Defendants' Motions have been properly supported, the burden shifts to Mr. Baxter to show, by tendering competent evidence, that summary judgment is not proper.

While Mr. Baxter has previously argued that he exhausted his administrative remedies (*see* doc. # 45 ("[t]here are missing administrative remedies from 2003-2007 that I filed [a]bout my broke bones. In 2005 I gave Mrs. Lt. Hughes in SHU unit at USP Marion a BP. 9 administrative remedie [sic] [a]bout my broke neck etc. etc. She never turnt [sic] them in.")), he has not addressed the issue of exhaustion of administrative remedies in his Response. Mr. Baxter has never provided any evidence of these alleged "administrative remedies." Mr. Baxter has not disputed that he did not file a grievance regarding the January 11, 2007 incident until July 19, 2007. Mr. Baxter has not provided any competent evidence to demonstrate that he properly exhausted his administrative remedies as to the claim in the SAC against Defendants Johnson and Manley. The undisputed record demonstrates Defendants' affirmative defense that Mr. Baxter did not exhaust his available

administrative remedies. For this reason, Defendants Johnson and Manley are entitled to summary judgment on the SAC.

Accordingly, IT IS ORDERED that:

1. Defendant Johnson's Motion for Summary Judgment (filed September 29, 2009) (doc. # 118) is GRANTED.

2. Defendant Manley's Motion for Summary Judgment (filed September 29, 2009) (doc. # 119) is GRANTED.

3. Summary judgment shall enter in favor of Defendants Johnson and Manley and against Plaintiff on the only remaining claims in the Second Amended Complaint.

4. No further claims or Defendants remaining in the Second Amended Complaint, this civil action is terminated.

DATED at Denver, Colorado, this 8th day of March, 2010.

BY THE COURT:


    s/Craig B. Shaffer
United States Magistrate Judge